**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

FRANCISCO AYALA MARINERO
21870 Railway Terrace, Unit 301
Sterling, Virginia 20166-6848,

JOSE A. GARCIA ALVARADO
10505 Laren Lane
Clinton, Maryland 20735

JOSE J. BONILLA LOPEZ
3132 16th Street, N.W.
Washington, D.C. 20010

      *Plaintiffs*,

      v.

L. A. HOWARD CONSTRUCTION CO., INC.
1016 6th Street, N.W. Washington D.C. 20002

Serve:  Lazerrick A. Howard
        Resident Agent
        1016 5th Street, N.E.
        Washington, D.C. 20002

LAZERRICK A. HOWARD
1016 5th Street, N.E.
Washington, D.C. 20002

HAMEL BUILDERS, INC.
2520 Pennsylvania Avenue S.E.
Washington D.C. 20020

Serve: CT Corporation System
      1015 15th Street NW
      Suite 100
      Washington D.C. 20005,

      *Defendants*.

Civil Action No.: 21-2351

## COMPLAINT

Plaintiffs, Jose A. Garcia Alvarado ("Plaintiff Alvarado"), Jose J. Bonilla Lopez ("Plaintiff Lopez"), Francisco Ayala Marinero ("Plaintiff Marinero"), hereby bring suit against L. A. Howard Construction Co., Inc. ("LA Howard"), Lazerrick Howard ("Howard"), its owner and President, and Hamel Builders, Inc. ("Hamel") (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the District of Columbia Payment and Collection of Wages Law, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"). Plaintiff alleges as follows:

## SUBJECT MATTER JURISDICTION

1.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' District of Columbia claims under 28 U.S.C. § 1367.

## THE PROJECT

13.      In or around Mid-November, 2020, LA Howard began performing construction related services, including concrete work, on the Spring Flats Family Project which was located at 1001 Spring Road, N.W. Washington, D.C. (hereinafter "the Project"). This Project was financed by the D.C. Housing Finance Agency ("DCHFA"), which issued a 19.1-million- dollar tax-exempt bond financing and underwrote 8 million dollars in four percent low-income housing credit for the construction. In addition, the D.C. Department of Housing and Community Development provided additional financing through a 10.4-million-dollar loan. As a result, the Project was covered by the prevailing wage provisions of the Davis Bacon Act, 40 U.S.C. § 3142 ("DBA").

**THE PARTIES**

2.       Plaintiff Lopez is a resident of the District of Columbia. He was employed by Defendants Howard and LA Howard from approximately November 1, 2020 to approximately February 20, 2021.  During the time-frame that he worked on the Project (November 22, 2020 to February 20, 2021), he worked anywhere between 25 and 45 hours per week.

3.       Plaintiff Alvarado is an adult resident of the State of Maryland. He was employed by Defendants Howard and LA Howard from approximately July 26, 2020 through April 3, 2021. During the time-frame that he worked on the Project (Mid-November, 2020 to April 3, 2021), he worked anywhere between 25 and 55 hours per week.

4.       LA Howard is a corporation organized under the laws of the District of Columbia and has corporate offices located in the District of Columbia at 1016 5th Street, N.E., Washington, D.C. 20002. It performs a wide variety of general construction and contracting services in the District of Columbia, Maryland and Virginia. LA Howard employed the Plaintiffs directly within the meaning of the FLSA, the DCMWRA, and the DCPCWL, because, through its' owners, officers and agents, it hired Plaintiffs, set their rate of pay and set the terms and conditions of their employment, maintained their employment records, paid them their wages, provided them with most of the tools and materials necessary to perform their jobs, supervised them, set their work schedules, disciplined them and terminated their employment.

5.       LA Howard also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of

sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

6.      Howard is an employer of Plaintiffs within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) he is an owner, director, officer, and President of LA Howard; (2) he has operational control over LA Howard and is significantly involved in its day-to-day operations; (3) he has actual and functional control over LA Howard's corporate funds, which are used to pay employees, including Plaintiffs, and he has the authority to allocate funds as profits in the manner he chooses; (4) he had authority to set Plaintiffs' rates and manner of pay and authorized payment of Plaintiffs' wages; (5) he had knowledge of and approved of the unlawful manner in which Plaintiffs were paid; (6) he had authority to hire and fire Plaintiffs; (7) through the use of mid-level managers, he established pay practices and formulated and approved pay policies that caused the violations at issue; and (8) he maintained the Plaintiffs' employment records.

7.      Hamel is a construction company organized under the laws of the State of Maryland. It is registered as a foreign corporation in the District of Columbia and does business in the District of Columbia. Hamel was the general contractor on the Project or an intermediate subcontractor and Hamel entered into a subcontract with LA Howard to perform construction work on the Project. As the general contractor or an intermediate subcontractor, Hamel is vicariously liable for any violations of the DCMWRA committed by Howard and LA Howard on the Project, pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015).

4

## STATEMENT OF FACTS

7.      Beginning in mid-November, 2020, LA Howard directed the Plaintiffs to begin concrete work on the Project. Plaintiff Alvarado worked exclusively on that Project from mid-November to April 3, 2021. Plaintiff Lopez worked exclusively on the Project from November 22, 2020 until February 20, 2021. Plaintiff Alvarado worked exclusively on the Project from approximately November 22, 2020 to April 17, 2021.

8.      During the entire time that Plaintiffs worked on the Project, they performed the work of Skilled Laborers within the meaning of the Department of Labor ("DOL") Classification of Skilled Laborer. Plaintiffs performed concrete foundation work for the Project, which included a parking garage. The tasks they performed included, but were not limited to: pouring concrete, using machine vibrators, using drills, using jackhammers, using water pumps, using strippers, using hand derricks, using spaders and using scoopcretes, along with other tools. They also set up and took down scaffolds and performed other similar functions which were classified by the Department of Labor as Skilled Labor functions.

9.      As of November, 2020, the DBA-mandated rate for Skilled Laborers set by was $33.57 per hour (base rate of $25.05 per hour and fringe benefit rate of $8.52 per hour).

10.     Before or at the time all three Plaintiffs began working on the Project, LA Howard construction Forman Lupe Lopez informed them that the Project was a District of Columbia government job and that they were entitled to and would receive the prevailing wages of a Skilled Laborer which was then $33.57 per hour. In addition, under the DBA, for the time they spent working on the Project, they were entitled to receive $37.58 per hour for each hour over forty that he worked in single work week. *See* 29 C.F.R. § 5.32 (a).

11.    At or before Plaintiff Alvarado began working on the Project, LA Howard and/or Hamel determined that he would be performing Skilled Labor duties. As a result, LA Howard classified him as a Skilled Laborer and paid him the Skilled Laborer rate of $33.57 per hour during the first and second weeks on the Project. But during his third week on the Project, LA Howard paid him for 8.0 hours at a lesser rate ($23 per hour) and paid him the Skilled Laborer rate for only 25 hours. Then from December 6, 2020 through February 20, 2021, LA Howard paid Plaintiff Alvarado a regular rate of only $20 per hour, even though LA Howard classified Plaintiff Alvarado as a Skilled Laborer and promised to pay him Skilled Laborer rates for his work on the Project. Finally, from February 21, 2021 to April 3, 2021, LA Howard paid Plaintiff Alvarado the Skilled Laborer rate. During the entire time that Plaintiff Alvarado worked on the Project, he performed the same type and level of work, which was consistent with the Skilled Laborer classification as determined by the Department of Labor.

12.    At or before Plaintiff Lopez began working on the Project, LA Howard determined that he would be performing Skilled Labor duties. As a result, LA Howard classified him as a Skilled Laborer and paid him the Skilled Laborer rate of $33.57 per hour. But, despite classifying him as a Skilled Laborer and promising to pay him Skilled Laborer rates for his work on the Project, LA Howard paid him only $20 per hour from December 20, 2020 to February 20, 2021, except that LA Howard paid him the Skilled Laborer rate from December 13 to 19, 2020.

13.    At or before Plaintiff Lopez began working on the Project, LA Howard determined that he would be performing Skilled Labor duties. As a result, LA Howard classified him as a Skilled Laborer and paid him the Skilled Laborer rate of $33.57 per hour for his first week of work on the Project. But, despite classifying him as a Skilled Laborer and promising to pay him Skilled Laborer rates for his work on the Project, LA Howard paid him only $20 per hour from December

6

20, 2020 to February 20, 2021, except that LA Howard paid him the Skilled Laborer rate from December 13 to 19, 2020.

14.     Alternatively, even if LA Howard did not expressly promise to pay Plaintiffs Skilled Laborer rates, under the DCPCWL, Defendants Howard and LA Howard are deemed (by operation of law) to have promised to pay Plaintiffs Skilled Labor rates, simply by assigning them Skilled Labor duties on the Project. D.C. Code § 32-1305 (b) provides that: "[i]n enforcing the provisions of this chapter, ***the remuneration promised by an employer*** to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages. . . ." *Id*. Thus, by assigning Skilled Labor functions to Plaintiffs, these actions, in conjunction with § 32-1305 (b), were the functional equivalent of promising to pay Plaintiffs DBA-mandated Skilled Labor rates.

15.     At all times relevant to the Complaint, each Plaintiff regularly spent more than 50% of his or her work time at sites in the District of Columbia.

## COUNT I
## VIOLATIONS OF THE FLSA
### (Defendants Howard and LA Howard)

16.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

17.     At all times relevant to the Complaint, Plaintiffs were engaged in commerce and/or handled goods that had been moved in commerce because they crossed state lines in the performance of their work, and alternatively, Defendant LA Howard was an enterprise engaged in commerce.

18.     Defendants Howard and LA Howard were employers of Plaintiffs within the meaning of the FLSA.

7

19.     Defendants Howard and LA Howard violated the FLSA by knowingly failing to pay Plaintiffs the correct overtime premium (using the correct DBA-mandated overtime formula, *see* 29 C.F.R. § 5.32 (a)) when they worked more than 40 hours in a work week on the Project. In addition, they failed to pay them for all hours worked. *See Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 519-20 (1950). The required overtime rate was $37.58 per hour. *See* 29 C.F.R. § 5.32 (a).

20.     The actions of Defendants Howard and LA Howard were not undertaken in good faith and therefore, they are liable to Plaintiffs for liquidated damages.

21.     Defendants Howard and LA Howard are liable to Plaintiffs under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime premium compensation, plus an additional equal amount as liquidated damages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by *D.L. v. District of Columbia*, 924 F.3d 585, 591-95 (D.C. Cir. 2019).

## COUNT II
## VIOLATIONS OF THE DCMWRA
### (Defendants Howard and LA Howard)

22.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

23.     At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1002 (2).

24.     At all times relevant to the Complaint, Defendants Howard and LA Howard were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1002 (3).

25.     Defendants Howard and LA Howard violated the DCMWRA by failing to pay Plaintiffs the correct overtime premium for some of the overtime hours they worked and failing to

pay them anything at all for some of the hours they worked on the Project. Defendants were required to pay Plaintiffs a rate of $37.58 per hour or overtime hours, the rate applicable to "Skilled Laborers" (*see* 29 C.F.R. § 5.32 (a)).

## COUNT III
## VIOLATIONS OF THE DCPCWL
### (Defendants Howard and LA Howard)

26.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

27.     At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1301 (2).

28.     At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301 (1B).

29.     Defendants Howard and LA Howard violated the DCPCWL by failing to pay Plaintiffs anything at all for some of their hours of work (including straight-time hours and overtime hours), during the time Plaintiffs were employed for Defendants and worked on the Project. Defendants are also liable under the DCPCWL, for failing to pay Plaintiffs the Davis-Bacon Skilled Laborer rates for the time they worked on the Project.

30.     As a result of the violations of the DCPCWL, Defendants Howard and LA Howard are liable for Plaintiffs' unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

**COUNT IV**
**HAMEL'S VICARIOUS LIABILITY FOR HOWARD AND LA HOWARD'S**
**VIOLATIONS OF THE DCMWRA AND THE DCPCWL**
**(Defendant Hamel)**

31.     Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

32.     At all times relevant to the Complaint, Defendant Hamel served as the general contractor and/or a higher-tiered sub-contractor (than LA Howard) on the Project. Hamel is therefore vicariously liable, jointly and severally, for the violations of the DCMWRA and DCPCWL, committed by Defendants Howard and LA Howard (Counts II and III above), pursuant to D.C. Code §§ 32-1012 (c) and 32-1303 (5).

33.     Plaintiffs are therefore entitled to recover from Defendant Hamel their unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and costs, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

**RELIEF REQUESTED**

Plaintiffs request the following relief:

A.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the FLSA, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to their unpaid overtime wages as liquidated damages, for violations occurring during Plaintiffs' employment with Defendants;

B.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the DCMWRA and the DCPCWL, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal

to three times the amount of unpaid overtime wages as liquidated damages, for violations occurring during Plaintiffs' employment with Defendants;

      C.     enter judgment against Defendants, jointly and severally, for Plaintiffs' attorneys' fees incurred in this action at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and litigation costs and expenses, as required by D.C. Code § 32-1308 (b)(1).

                     Respectfully submitted,

                     /s/Omar Vincent Melehy
                     Omar Vincent Melehy
                     DC Bar No.: 415849
                     MELEHY & ASSOCIATES LLC
                     8403 Colesville Road Suite 610
                     Silver Spring, Maryland 20910
                     E-mail: ovmelehy@melehylaw.com
                     Telephone: (301) 587-6364
                     Facsimile: (301) 587-6308
                     *Attorney for Plaintiffs*